MAGDALENE JULIEN, RESPONDENT, v. WILLIAM LALOR AND OTHERS.

TIMOTHY DONOVAN, PURCHASER, APPELLANT.

*Assignee for creditors — his title to real estate — how affected by a decree passing his accounts and discharging him.*

On the application of a purchaser at a judicial sale to be relieved from his purchase, it appeared that the premises in question had, subsequent to the time of giving the mortgage and prior to the sale, been included in a general assignment for the benefit of creditors made by one Phillips, then owner of the property; that subsequent to such assignment the assignee had applied to the court for an accounting and for his discharge as such, and before the foreclosure suit was begun an order had been made, in such proceedings instituted by the assignee, which recited that such assignee had accounted for all the property and the estate embraced in the said assignment, and adjudged that the said assignee be discharged from all liability by reason of the matters contained in his accounts or in reference to said assigned estate, except as to a certain balance of money in his hands out of which he was directed to make certain payments and to pay a dividend to the creditors, and that upon making such payment said assignee be discharged from all further liability in reference to said assignment and that his bond be canceled.

*Held,* that the order in question could have no greater effect than was authorized by statute (sub. 5, § 20, chap. 466 of 1877), which only discharges the assignee upon the performance of the decree.

That, assuming that the premises in question were included in the subject-matter of the accounting, the assignee was not relieved from responsibility until he had actually distributed the balance of money in his hands as directed by the decree.

That as there was no evidence that he had done so the court below properly held that he had not been divested of the title to the premises in question, and the purchaser thereof was properly directed to complete his purchase of the same.

APPEAL from an order, entered in New York county, denying a motion made by one Timothy Donovan to be relieved from his purchase of certain premises at a sale for the foreclosure of a mortgage, and directing him to complete his purchase thereof.

*George W. Stephens,* for the appellant.

*W. W. Westervelt,* for the respondent.

BARTLETT, J.:

The appellant was a purchaser in foreclosure. He objected to the title on the ground that the only person sued as the owner of the equity of redemption had no interest in the property. One John

D. Phillips owned the premises in 1876, when he made a general assignment of all his property, real and personal, for the benefit of his creditors. In 1880, Jesse W. Lilienthal became the sole substituted assignee under this assignment, and as such assignee he was made a defendant in this action, on the theory that he was the owner of the equity of redemption. Before the foreclosure suit was begun, however, an order had been made by the Court of Common Pleas in the matter of an accounting by the substituted assignee which is supposed by the appellant to have terminated Mr. Lilienthal's ownership of the equity of redemption.

An inspection of this order shows that the accounting embraced not only the acts of Mr. Lilienthal himself, but those of his predecessors in the trust. There is a recital to the effect "that such assignees have accounted for all the property and the estate embraced in the said assignment." This, of course, would include the mortgaged premises in suit. Then the order proceeds to adjudge that the assignees and substituted assignee have duly accounted for all the property and estate of John D. Phillips conveyed by the assignment and all the proceeds thereof which have come to their possession ; and furthermore that the estates of the original assignees " and the said Jesse W. Lilienthal and their respective bondsmen be and they are hereby discharged of and from all liability for, upon, or by reason of any matter or thing contained in their said accounts, or in relation to or respect of said assigned estate or the proceeds thereof," except as to $7,151.91, a balance of moneys remaining in the hands of the substituted assignee. Out of this balance he was directed to make certain payments and to pay a dividend to the creditors, and the order finally provided, " that upon said payment being made said Jesse W. Lilienthal be discharged from all further liability in reference to said assignment and that his bond be canceled."

The jurisdiction of the court on an accounting is " to discharge the assignee and his surety at any time upon performance of the decree, from all further liability upon matters included in the accounting, to creditors appearing and to creditors not having appeared after due citation, or not having presented their claims after due advertisement." (Laws of 1877, chap. 466, § 20, sub. 5.)

The order in question could have no greater effect than was authorized by this provision of the statute.

It will be observed that it is only *upon performance of the decree* that the discharge of the assignee is to become operative. Until he has fulfilled its requirements, he is not discharged at all. So, in the present case the order of the Court of Common Pleas could have no effect to relieve the substituted assignee from liability for the mortgaged premises, assuming this property to have been included in the subject-matter of the accounting, until he actually distributed the balance of money in his hands as directed by that very decree. There is no evidence that he had done this at the time the foreclosure suit was brought or that he has done it yet. On the contrary, he made an affidavit in opposition to the purchaser's motion to be relieved from his purchase, in which he declares that he is still in possession of the unsold property and undistributed assets of the estate of John D. Phillips, in his capacity as substituted assignee, and that he has not closed or completed the trust.

Under these circumstances the court below was right in holding that he had not been divested, by the decree of the Court of Common Pleas, of the title to the premises, upon which the mortgage was foreclosed. No other question was discussed by counsel for the appellant upon the argument of the appeal, and, therefore, we have considered no other. Our conclusion is that the order under review should be affirmed, with costs.

DANIELS, J., concurred.

Order affirmed, with costs.